UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FORD GLOBAL TECHNOLOGIES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>NEW WORLD INTERNATIONAL, INC., et al.,<br><br>Defendants. | CASE NO. C15-1329JLR<br><br>ORDER DENYING DEFENDANTS' MOTION TO TRANSFER OR QUASH AND AUTHORIZING NON-PARTY AMAZON.COM, INC. TO MAKE ITS PROPOSED PRODUCTION |

## I.  INTRODUCTION

This matter comes before the court on Defendants New World International, Inc., Auto Lighthouse Plus, LLC, and United Commerce Centers, Inc.'s (collectively, "Defendants") motion to transfer or, alternatively, quash or modify and limit the subpoena to non-party Amazon.com, Inc. ("Amazon") (*see* Mot. (Dkt. # 1)); Amazon's opposition to Defendants' motion (*see* Amazon Resp. (Dkt. # 3)); Plaintiff Ford Global Technologies, LCC's ("Ford") opposition to Defendants' motion (*see* Ford Resp. (Dkt.

ORDER- 1

# 5)); and Defendants' reply memorandum (*see* Reply (Dkt. # 8)). The court has considered the foregoing, the balance of the record, and the relevant law. Being fully advised,[1] the court DENIES Defendants' motion and AUTHORIZES Amazon to respond to Ford's subpoena by making the limited production that Amazon has described in its opposition and supporting materials.

## II. BACKGROUND

This matter concerns a subpoena issued out of the United States District Court for the Eastern District of Michigan ("the Eastern District of Michigan") in a case in which Ford alleges that Defendants have infringed its design patents ("the Patent Case"). (*See* Mot. at 1-2); *Ford Global Techs., LLC v. New World Int'l, Inc.*, No. 2:15-cv-10394LJM-MJH (E.D. Mich.) (hereinafter "*Ford*"). Judge Laurie J. Michelson is presiding over the Patent Case. *See Ford*, Dkt. # 14. Early on in the Patent Case, Defendants filed a motion to dismiss challenging the existence of personal jurisdiction over them in Michigan. *See id.*, Dkt. # 27. Judge Michelson and the parties ultimately determined that a period of jurisdictional discovery was appropriate before the court resolved that issue. *See id.* Accordingly, Judge Michelson struck Defendants' motion and authorized the parties to engage in discovery relevant to the issue of personal jurisdiction. *See id.* That jurisdictional discovery spawned the subpoena at issue here ("the Subpoena"), which Ford served on Amazon in an effort to learn about Defendants' commercial activities

---

[1] No party has requested oral argument, and the court deems oral argument unnecessary to the disposition of this motion. *See* Local Rules W.D. Wash. LCR 7(b)(4).

related to Michigan.  (*See* Mot. at 1-4, Ex. B ("Subpoena"); Amazon Resp. at 2; Ford Resp. at 2-3.)

In its original form, the Subpoena sought a broad range of information, including various details regarding Amazon customers who have purchased Defendants' products. (*See* Mot. at 2-4; Subpoena; Amazon Resp. at 2; Power Decl. (Dkt. # 4) ¶ 3, Ex. B ("Amazon Objections").)  Amazon objected to the Subpoena on multiple grounds.  (*See* Amazon Resp. at 2; Amazon Objections.)  Following negotiations, however, Ford and Amazon reached an agreement whereby Amazon would make a limited production consisting of data reflecting the product, date of order, quantity, and price for sales Defendants made via amazon.com to customers with billing or shipping addresses in Michigan ("the proposed production").  (*See* Amazon Resp. at 2; Power Decl. ¶ 5; Ford Resp. at 1-2.)  Amazon was prepared to make the proposed production when Defendants filed the instant motion.  (*See* Amazon Resp. at 2; Power Decl. ¶ 6.)

Defendants' motion asks this court to transfer the Subpoena to the Eastern District of Michigan or, alternatively, quash the subpoena or modify it to further limit Amazon's production.  (*See* Mot. at 1-2; Reply.)  Defendants object to the Subpoena on the basis that it seeks information outside what they characterize as "the appropriate scope of jurisdictional discovery."  (Mot. at 9.)  Defendants appear to argue that Ford is entitled to conduct discovery only on the issue of specific personal jurisdiction, not general personal jurisdiction.  (*See id.* at 9-10.)  As such, Defendants believe that Amazon's production should be limited to information regarding sales of allegedly infringing products to customers located in Michigan.  (*See id.*)  Defendants have raised their concerns on this

ORDER- 3

and related issues in the Patent Case in the form of a motion to limit jurisdictional discovery that is currently pending before Judge Michelson. (*See id.* 2, 6, 8-9); *Ford*, Dkt. # 36. Defendants state that they have standing to bring the present motion because they have a privacy interest in the information at issue. (*See id.* at 5-6.)

Amazon and Ford oppose Defendants' motion. As an initial matter, both point out that Defendants' motion fails to address the proposed production and instead concerns only the Subpoena prior to Amazon and Ford's agreement to limit production. (*See* Amazon Resp. at 5-6; Ford Resp. at 4-5.) In addition, Amazon asserts that transfer is inappropriate given the burden on Amazon of appearing in the Eastern District of Michigan. (*See* Amazon Resp. at 4-5.) Amazon further maintains that it should be permitted to make the proposed production without undertaking the burden of filtering the information on behalf of the parties. (*See* Amazon Resp. at 7-8.) Ford echoes this argument and contends that Defendants lack standing to challenge the Subpoena, particularly because the protective order in place in the Patent Case can address Defendants' privacy concerns.[2] (*See* Ford Resp. at 4-7.) Defendants' motion is now before the court.

//

//

//

---

[2] On same day on which Defendants filed the instant motion, Judge Michelson signed the parties' "stipulated protective order for purposes of jurisdictional discovery only" and entered it as an order of the court. *See Ford*, Dkt. # 31.

ORDER- 4

### III.   DISCUSSION

**A.   Motion to Transfer**

Defendants first request that the court transfer the Subpoena to the Eastern District of Michigan. Pursuant to Federal Rule of Civil Procedure 45, disputes involving subpoenas are generally resolved in the district where compliance is sought ("the compliance court"). *See* Fed. R. Civ. P. 45(d)(2)(B), (d)(3), (e)(2)(B), (f); *see also* Fed. R. Civ. P. 45(f) advisory comm. n. (2013). Nevertheless, the compliance court may transfer the subpoena to the issuing court if the entity from whom compliance is sought consents to transfer or if extraordinary circumstances warrant transfer. *See* Fed. R. Civ. P. 45(f). In deciding whether extraordinary circumstances warrant transfer, the compliance court may consider a variety of factors, including "[case] complexity, procedural posture, duration of pendency, and the nature of the issues pending before, or already resolved by, the issuing court in the underlying litigation." *Judicial Watch, Inc. v. Valle Del Sol, Inc.*, 307 F.R.D. 30, 34 (D.D.C. 2014); *see also* Fed. R. Civ. P. 45(f) advisory comm. n. (2013).

The court concludes that transfer is not appropriate here. First, Amazon does not consent to transfer of the Subpoena to the Eastern District of Michigan. (*See* Amazon Resp. at 1 n.1.) Second, the court finds no exceptional circumstances that would merit transfer. Indeed, Defendants make no argument for exceptional circumstances other than that Judge Michelson may soon rule on the appropriate scope of jurisdictional discovery. (*See* Mot. at 2, 6, 8-9.) As discussed below, however, this court need not rule on that issue in order to dispose of the present dispute. *See infra* Part III.B. As such, there is

little risk of inconsistent rulings or of this court's decision disrupting Judge Michelson's management of the Patent Case.  *See Judicial Watch*, 307 F.R.D. at 34; *see also* Fed. R. Civ. P. 45(f) advisory comm. n. (2013).  Furthermore, nothing else in the record before the court suggests that exceptional circumstances exist here.  The court therefore denies Defendants' request for transfer.

**B.     Motion to Quash or Modify**

In the alternative, Defendants request that this court quash or modify the Subpoena.  (*See* Mot. at 9-10.)  The basis for this request is not entirely clear.  Defendants' primary argument appears to be grounded in a relevancy—that is, that the materials sought are outside the scope of jurisdictional discovery.  (*See id.*; Reply at 4.)  On the other hand, Defendants also argue that they have a privacy interest in the materials sought, thereby suggesting a confidentiality or privilege objection.  (*See* Mot. at 5.-6.)  Neither argument affords a basis for Defendants to quash or modify the Subpoena.

As an initial matter, because Amazon has not objected to the Subpoena as modified, Defendants lack standing to quash or modify the Subpoena on the grounds that the Subpoena is overbroad or seeks irrelevant information.  *See Rankine v. Roller Bearing Co. of Am.*, No 12CV2065-IEG BLM, 2013 WL 3992963, at *4 (S.D. Cal. Aug. 5, 2013) (citing *Wells Fargo & Co. v. ABD Ins.*, No. C 12-03856 PJH (DMR), 2012 WL 6115612, at *2 (N.D. Cal. Dec. 10, 2012) ("A party's objection that a subpoena to a non-party seeks irrelevant information or would impose an undue burden are not grounds on which a party has standing to move to quash a subpoena when the non-party has not objected.")); Fed. R. Civ. P. 45(d)(3).  Accordingly, Defendants' only cognizable basis

ORDER- 6

for quashing the Subpoena is that it seeks privileged and/or confidential information.  *See* Fed. R. Civ. P. 45(d)(3); *Rankine*, 2013 WL 3992963, at *4.

Defendants assert that they "have a personal interest and legitimate privacy interest in the materials sought."  (Mot. at 5-6.)  As Ford and Amazon correctly point out, however, Defendants fail to demonstrate how or why the protective order entered in the Patent Case will not adequately address Defendants' privacy interests.  *Rankine*, 2013 WL 3992963, at *4.  The protective order specifically contemplates third-party discovery and provides that the any materials produced during the course of jurisdictional discovery may be designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."  *See Ford*, Dkt. # 31, ¶¶ 3-5, 18-19.  Amazon has stated that it will designate all materials in the proposed production as "CONFIDENTIAL" pursuant to the protective order.  (*See* Power Decl. ¶ 6.)  The court therefore finds that the protective order adequately addresses Defendants' privacy concerns.  *Rankine*, 2013 WL 3992963, at *4.  Consequently, the court denies Defendants' motion to quash or modify the Subpoena.

//
//
//
//
//
//
//
//

ORDER- 7

## IV. CONCLUSION

For the foregoing reasons, the court DENIES Defendants' motion to transfer or, in the alternative, quash or modify the Subpoena to Amazon (Dkt. # 1). The court AUTHORIZES Amazon to make its proposed production as described in Amazon's opposition and supporting materials. Amazon shall produce data reflecting the product, date of order, quantity, and price for sales Defendants made via amazon.com to customers with billing or shipping addresses in Michigan. Amazon shall designate all of this material "CONFIDENTIAL" under the protective order entered in the Patent Case.

The court DIRECTS the Clerk to close this matter.

Dated this 27th day of October, 2015.

JAMES L. ROBART
United States District Judge